

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2008

# Sides v. Law

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sides v. Law" (2008). *2008 Decisions.* Paper 959.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/959

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1062
_____

ANTHONY SIDES,

Appellant

v.

TERESA LAW; JEFFREY BEARD

Appellees.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cv-1349)
District Magistrate Judge: Honorable J. Andrew Smyser

_____

Submitted Under Third Circuit LAR 34.1(a)
June 3, 2008

Before: FISHER, JORDAN, *Circuit Judges*,
and YOHN*, *District Judge.*

(Filed June 30, 3008   )
_____

OPINION OF THE COURT
_____

_____

    *Honorable William H. Yohn, Jr., Senior Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

JORDAN, *Circuit Judge*.

Anthony Sides, a prisoner at the Pennsylvania State Correctional Institution at Camp Hill ("SCI-Camp Hill"), appeals from the December 5, 2006 Memorandum and Judgment Order entered against him by the United States District Court for the Middle District of Pennsylvania. The District Court held that Appellees Jeffrey Beard and Teresa Law did not violate Sides's Eighth Amendment right to be free of cruel and unusual punishment. We will affirm the judgment of the District Court.[1]

## I.    Background

Sides brought his Eighth Amendment claim against Beard, the Secretary of the Pennsylvania Department of Corrections, and Law, the Chief Health Care Administrator at SCI-Camp Hill, alleging that he was subjected to cruel and unusual punishment because Beard and Law were deliberately indifferent to his medical needs. More specifically, he alleges that Beard and Law denied him mental health treatment while he was housed in the Special Management Unit ("SMU") at SCI-Camp Hill.[2] Sides asked

---

[1]The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions. *Fotta v. Trustees of United Mine Workers of America*, 319 F.3d 612, 615-16 (3d Cir. 2003). We will set aside factual findings only when they are clearly erroneous. Fed. R. Civ. P. 52(a); *Newark Branch, N.A.A.C.P. v. City of Bayonne*, 134 F.3d 113, 119 (3d Cir. 1998).

[2]Sides, proceeding *pro se*, commenced this action on June 23, 2004. On April 28, 2006, Sides filed a Fifth Amended Complaint with the assistance of counsel, and, on August 15, 2006, Sides voluntarily dismissed all of his claims except for the Eighth Amendment claim against Beard and Law. We note with gratitude the service rendered by pro bono counsel in effectively presenting Sides's arguments.

the District Court to declare "that he has a mental health condition that is a serious medical need, that he has not received adequate treatment of his medical need, that his placement in the SMU makes his health condition worse, and that as long as he is in the SMU he will not be able to receive appropriate treatment for his serious medical need." (App. 40.) He also sought "an injunction ordering [Beard and Law] to transfer him to a correctional institution or other SCI-Camp Hill unit appropriate for his mental health needs." (*Id.*)

Beard and Law moved for summary judgment, but their motion was denied and a bench trial was held on November 8, 2006.[3] At trial, Sides called himself as a witness and also called Dr. John Hume, who "stated that he is a physician and a psychiatrist and has practiced psychiatry for over forty years." (App. 41.) Beard and Law likewise called two witnesses, Robert John Marsh, Jr., the "corrections classification manager at SCI-Camp Hill," (App. 49), and Dr. Eugene Francis Polmueller, the Director of Psychiatry for MHM Corrections.[4] On December 1, 2006, the District Court concluded that Beard and Law were not deliberately indifferent to Sides's medical needs and, therefore, did not violate his Eighth Amendment rights. Judgment was entered on December 5, 2006, and this appeal followed.

---

[3] The parties consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c). For ease of reference, we refer to the trial court as the District Court throughout this opinion.

[4] "MHM Corrections contractually provides mental health services for Pennsylvania correctional institutions." (App. 52.)

## II.    Discussion

Sides argues that the District Court erred in finding that Beard and Law were not deliberately indifferent to his medical needs and that the Court erred by failing to hold that his confinement in the SMU violates the Eighth Amendment. According to Sides, he has an antisocial personality disorder which constitutes a serious medical need but for which he has not received any "meaningful treatment" for the past four and a half years. (Appellant's Br. at 19.) He asserts that the District Court "failed to inquire whether the SMU exacerbates" his disorder. (Appellant's Br. at 28.)

Based on the evidence presented at trial, the District Court found as a matter of fact that Sides has an anti-social personality disorder, which "is prevalent among prisoners." (App. 62, ¶¶ 1,2.) However, the disorder is not "amenable to treatment" because people "who have this disorder usually do not cooperate in a therapeutic treatment program." (*Id.*, ¶ 2.) The Court also found that Sides is in the SMU because he "has committed many misconducts," but, if he followed the "SMU programmatic approach, he could be returned to the general population." (*Id.*, ¶ 3.) In addition, the District Court noted that, although Sides's expert, Dr. Hume, believed that Sides has bipolar disorder, "the mental health service professionals for the Department of Correction have reasonably determined that Sides does not suffer from bipolar disorder." (App. 63, ¶ 5.) The Court then found that Beard and Law reasonably believe that Sides "is appropriately placed in the SMU" and "has the opportunity to receive adequate mental

4

health treatment" and that they "have not been indifferent to affording adequate mental health treatment to Sides." (*Id.*, ¶¶ 7-9.) The District Court thus concluded that Beard and Law were not deliberately indifferent to Sides's serious medical needs and therefore had not violated his Eighth Amendment rights. (App. 63-64, ¶¶ 1-3.)

In order to establish an Eighth Amendment claim, Sides must establish by a preponderance of the evidence that Beard and Law acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison medical authorities are given "considerable latitude ... in the diagnosis and treatment of medical problems" of inmates. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment." *Id.* (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). "[M]ere disagreement as to the proper medical treatment" does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted); *see also White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990) (recognizing the "well-established rule" that mere disagreements over "medical judgment" do not state an Eighth Amendment claim).

Whether a defendant's conduct amounts to deliberate indifference is "a classic issue for the fact finder." *Nicini v. Morra*, 212 F.3d 798, 816 (3d Cir. 2000) (citation omitted); *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Ctr.*, 372 F.3d 572,

5

588 (3d Cir. 2004). In this case, we cannot say that the District Court clearly erred in finding that Beard's and Law's conduct did not amount to deliberate indifference. While the Court accepted that Sides has an anti-social personality disorder, expert testimony elicited at trial supported the conclusion that Sides did not suffer from a mental health condition that warranted treatment.[5] For example, Dr. Polmueller testified that the appropriate standard of care does not require medication for anti-social personality disorder. Moreover, while acknowledging the testimony of Sides's expert that Sides suffers from bipolar disorder, the Court nevertheless relied on "historical determinations" by Department of Correction medical staff, which were explained and opined upon by Dr. Polmueller, that Sides does not have bipolar disorder. (App. 61.) Recognizing that it was confronted with a "disagreement over ... proper diagnosis and treatment," (App. 61), the District Court, as fact-finder, did not clearly err in choosing to believe the evidence adduced by Beard and Law.[6]

---

[5]The District Court found that "this is a case of disagreement over the proper diagnosis and treatment ... ." (App. 61.)

[6]Sides argues that the District Court "erred by failing to address whether [antisocial personality disorder] constitutes a serious medical need." (Appellant's Br. at 14.) The Court, however, addressed this point when it determined that Sides failed to prove "what his serious medical needs are ... ." (App. 61.) When treatment for antisocial personality disorder was discussed, the District Court accepted the testimony indicating that Sides was not amenable to treatment beyond the consultations that were provided. Sides evidently did not carry "the burden of proving that there is deliberate indifference to his medical needs" because he did not prove "that the Department of Corrections' mental health diagnostic and treatment approach and efforts were indifferent ... ." (App. 61-62.)

6

There was also sufficient evidence to allow the District Court to conclude that Beard and Law took reasonable steps to ensure Sides's well-being. They consulted with their own experts, including Dr. Polmueller, who completed confidential psychiatric evaluations of Sides and consulted with other mental health professionals who had evaluated Sides. The District Court did not err in finding that Beard and Law reasonably believed that Sides's placement in the SMU was appropriate and reasonably believed that, to the extent it was needed, Sides had the "opportunity to receive adequate mental health treatment." (App. 63, ¶¶ 7-9.) There was, in short, sufficient evidence for the District Court to conclude that Beard and Law were not deliberately indifferent to Sides's medical needs.

Finally, because Sides failed to establish that he suffers a serious mental health condition, there was no need for the District Court to make a separate finding of whether the SMU would exacerbate such a condition. *See Estelle*, 429 U.S. at 97, 106 ("In order to state a cognizable [Eighth Amendment] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

III. **Conclusion**

In sum, the District Court did not err as a matter of fact or law in determining that Beard and Law did not violate Sides's Eighth Amendment rights. For the foregoing reasons, the December 5, 2006 Judgment of the District Court will be affirmed.